SLIP OPINION

Cite as 2015 Ark. 420

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE AMENDMENT OF ARKANSAS RULE OF PROFESSIONAL CONDUCT 1.15 AND ADMINISTRATIVE ORDER NO. 22 – IOLTA PROGRAM RELATIONSHIP WITH ELIGIBLE AND MEMBER INSTITUTIONS | **Opinion Delivered** November 5, 2015 |

## PER CURIAM

We published for comment the proposed addition of subsection (d) to Rule 1.15 of the Arkansas Rules of Professional Conduct. *In re Amendment of Arkansas Rule of Professional Conduct 1.15*, 2015 Ark. 297 (per curiam). The comment period has expired, and we thank those who submitted comments. We adopt the amendment, with two minor revisions, and republish the rule as set forth below. In addition, current subsection (c) of the rule is hereby deleted from the rule[1] and incorporated into new Administrative Order No. 22, with revisions noted. Administrative Order No. 22 is published below. These changes are effective immediately.

### Rule 1.15. Safekeeping property and trust accounts

(a) *Safekeeping property*.

(1) A lawyer shall hold property of clients or third persons, including prospective clients, that is in a lawyer's possession in connection with a representation separate from the lawyer's own property.

---

[1]Thus, proposed new subsection (d) regarding unclaimed or unidentifiable trust account funds will be subsection (c) of Rule 1.15.

SLIP OPINION

(2) Property, other than funds of clients or third persons, shall be identified as such and appropriately safeguarded.

(3) Complete records of trust account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after the termination of the representation or the last contact with a prospective client.

(4) A lawyer shall maintain on a current basis books and records in accordance with generally accepted accounting practice and comply with any record keeping rules established by law, rule, or court order.

(5) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full written accounting regarding such property to the client or third persons.

(6) When in the course of representation a lawyer is in possession of property in which two or more persons (one of whom may be the lawyer) claim interests, the property shall be kept separate by the lawyer until the dispute is resolved. The lawyer shall promptly distribute all portions of the property as to which the interests are not in dispute.

(b) *Trust Accounts: IOLTA trust accounts and non-IOLTA trust accounts.*

(1) Funds of a client shall be deposited and maintained in one or more separate, clearly identifiable trust accounts in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person.

(2) A lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred.

(3) A lawyer may deposit funds belonging to the lawyer or the law firm in a client trust account for the sole purposes of paying bank services charges on that account, or to comply with the minimum balance required for the waiver of bank charges, but only in the amount necessary for those purposes, but not to exceed $500.00 in any case. Such funds belonging to the lawyer or law firm shall be clearly identified as such in the account records.

SLIP OPINION

(4) Each trust account referred to in section (b)(1) shall be an interest- or dividend-bearing account held at an eligible institution.

(5) Each such trust account shall provide overdraft notification to the Executive Director of the Office of Professional Conduct for the purpose of reporting whenever any properly payable instrument is presented against a lawyer trust account containing insufficient funds, irrespective of whether or not the instrument is honored. The financial institution shall report simultaneously with its notice to the lawyer the following information:

> (i) In the case of a dishonored instrument, the report shall be identical to the overdraft notice customarily forwarded to the depositor, and should include a copy of the dishonored instrument, if such a copy is normally provided to depositors;

> (ii) In the case of instruments that are presented against insufficient funds but which instruments are honored, the report shall identify the financial institution, the lawyer or law firm, the account number, the date of presentation for payment, and the date paid, as well as the amount of overdraft created thereby.

(6) A lawyer who receives client funds which, in the judgment of the lawyer, are nominal in amount, or are expected to be held for such a short period of time that it is not practical to earn and account for income on individual deposits, shall create and maintain an interest-bearing, multi-client trust account ("IOLTA" account) for such funds. The account shall be maintained in compliance with the following requirements:

> (i) The trust account shall be maintained in compliance with sections (b)(1) – (b)(5) of this Rule and the funds shall be subject to withdrawal upon request and without delay;

> (ii) No earnings from the account shall be made available to the lawyer or law firm; and,

> (iii) The interest accruing on this account, net of allowable reasonable fees, shall be paid monthly to the IOLTA Program of the Arkansas Access to Justice Foundation, Inc. All other fees and transaction costs shall be paid by the lawyer or law firm. Payment must be made by Automated Clearing House (ACH) method, wire transfer, or other electronic transfer.

(7) All client funds shall be deposited in the account specified in section (b)(6), unless they are deposited in a separate interest-bearing account ("non-IOLTA" account) for a specific and individual matter for a particular client. There shall be a separate account opened for each such particular client matter. Interest so earned must be held in trust as property of each client in the same manner as is provided in this Rule.

(8) The decision whether to use an "IOLTA" account specified in section (b)(6) or a "non-IOLTA" account specified in section (b)(7) is within the discretion of the lawyer. In making this determination, consideration should be given to the following:

(i) The amount of interest which the funds would earn during the period they are expected to be deposited; and,

(ii) The cost of establishing and administering the account, including the cost of the lawyer's or law firm's services.

(9) Every lawyer practicing or admitted to practice in this State shall, as a condition thereof, be conclusively deemed to have consented to the reporting requirements mandated by this rule. All lawyers shall certify annually that they, their law firm or professional corporation is in compliance with all sections and subsections of this Rule.

(10) A lawyer shall certify, in connection with the annual renewal of the lawyer's license, that the lawyer is complying with all provisions of this rule. Certification shall be made on a form provided by and in a manner designated by the Clerk of the Supreme Court.

(11) A lawyer or a law firm may be exempt from the requirements of this rule if the Arkansas Access to Justice Foundation's Board of Directors, on its own motion, has exempted the lawyer or law firm from participation in the IOLTA Program for a period of no more than two years when service charges on the lawyer's or law firm's trust account equal or exceed any interest generated.

(c) IOLTA Foundation relationship with eligible and member institutions.

(1) DEFINITIONS. As used in this rule, the terms below shall have the following meaning:

(i) "IOLTA account" means an interest- or dividend-bearing trust account benefiting the Arkansas Access to Justice Foundation, Inc., established in an eligible institution for the deposit of nominal or short-term funds of clients or third persons, which may be withdrawn upon request as soon as permitted by law.

(ii) "Eligible institution" for IOLTA accounts means a depository bank or savings and loan association or credit union authorized by federal or state laws to do business in Arkansas, whose deposits are insured by an agency of the federal government, or any open-end investment company registered with the Securities and Exchange Commission and authorized by federal or state laws to do business in Arkansas. In addition, an eligible institution must either (1) maintain a physical office in the state of Arkansas or (2) be owned by a bank holding company regulated by the Federal Reserve System, of which a subsidiary federally-insured

depository bank or savings and loan association or credit union maintains a physical office in the state of Arkansas. Eligible institutions must meet the requirements set out in section (b) above.

(iii) "Interest- or dividend-bearing trust account" means a federally insured checking account or an investment product, including a sweep product and a daily (overnight) financial-institution repurchase agreement or an open-end money market fund. A daily financial-institution repurchase agreement must be fully collateralized by U.S. Treasury Securities; an open-end money-market fund must invest primarily in U.S. Treasury Securities or repurchase agreements fully collateralized by U.S. Treasury Securities. A daily financial-institution repurchase agreement may be established only with an eligible institution that is "well capitalized" or "adequately capitalized" as those terms are defined by applicable federal statutes and regulations. An open-end money-market fund must hold itself out as a money-market fund as defined by applicable federal statutes and regulations under the Investment Company Act of 1940 and, at the time of investment, have total managed assets of at least $250,000,000. The funds covered by this rule shall be subject to withdrawal upon request and without delay.

(iv) "Allowable reasonable fees" means: (1) per check charges, (2) per deposit charges, (3) a fee in lieu of minimum balance, (4) federal deposit insurance fees, (5) sweep fees, 12b-1 fees, and subaccounting fees, and (6) a reasonable IOLTA account administrative fee.

(v) "U.S. Treasury Securities" means direct obligations of the federal government of the United States.

(vi) "Repurchase agreements" means transactions in which a fund buys a security from a dealer or bank and agrees to sell the security back at a mutually agreed-upon time and price. The repurchase price exceeds the sale price, reflecting the fund's return on the transaction. This return is unrelated to the interest rate on the underlying security. Repurchase agreements are subject to credit risks.

(2) Participation in the IOLTA Program of the Arkansas Access to Justice Foundation is voluntary for banks, savings and loan associations, and investment companies. Any eligible institution that elects to provide and maintain IOLTA accounts shall do so according to the following terms:

(i) Determination of Interest Rates and Dividends. Eligible institutions that maintain IOLTA accounts that are, or are invested in, interest-bearing deposits or daily financial-institution repurchase agreements shall pay no less than the highest rate and dividend generally available from the institution to its non-IOLTA account customers when IOLTA accounts meet or exceed the same minimum balance or other eligibility qualifications, if any. In determining the highest rate or dividend generally available from the institution to its non-

IOLTA accounts, eligible institutions may consider factors, in addition to the balance in the IOLTA account, customarily considered by the institution when setting interest rates or dividends for it s customers, provided that such factor do not discriminate between IOLTA accounts and accounts of non=IOLTA customers, and that these factors do not include the fact that the account is an IOLTA account. The eligible institution may offer, and the lawyer may accept, a sweep account that provides a mechanism fo rthe overnight investment of balances in the IOLTA account into a daily financial institution repurchase agreement or a money=market fund. However, this Rule shall not require any eligible institution to offer or otherwise make available sweep accounts for IOLTA accounts.

(ii) Written Agreements. There shall be a written agreement between the lawyer and the eligible institution, designating interest on the IOLTA account be remitted to the Arkansas Access to Justice Foundation, Inc., on a monthly basis.

(iii) Interest Rates and Dividends. Eligible institutions shall maintain IOLTA accounts that pay the highest interest rate or dividend generally available from the institution to its non=IOLTA account customers when IOLTA accounts meet or exceed the same minimum balance or other account eligibility qualifications, if any.

(iv) Reasonable Fees. Reasonable fees means (1) per check charges, (2) per deposit charges, (3) a fee in lieu of minimum balances, (4) federal deposit insurance fees, (5) sweep fees, 12b=1 fees, and subaccounting fees, and (6) a reasonable IOLTA account administrative fee. Reasonable fees are the only service charges or fees permitted to be deducted from interest earned on IOLTA accounts. Reasonable fees may be deducted from interest on an IOLTA account only at such rates and under such circumstances as is the eligible institution's customary practice for all of its customers with interest=bearing accounts. All other fees and charges shall not be assessed against the accrued interest on the IOLTA account but rather shall be the responsibility of, and may be charged to, the lawyer maintaining the IOLTA account.

(v) Negative Netting Prohibited. Fees or charges in excess of the interest earned on the account for any month shall not be taken from interest earned on other IOLTA accounts or from the principal of the account.

(vi) Reporting Requirements. A statement should be transmitted monthly to the Arkansas Access to Justice Foundation, Inc., with each remittance showing the period for which the remittance is made, the name of the lawyer or law firm from whose IOLTA account the remittance is being sent, the IOLTA account number, the average daily rate applied, the gross interest or dividend earned during the period, the amount and description of any service charges or fees assessed during the remittance period, and the net amount of interest or dividend remitted for the period. The Foundation supplies a monthly remittance form tailored to each bank listing the required information; however, should the bank elect

~~to generate its own report, the requirements in the section must be addressed.~~

~~(3) In addition to the attorney trust account "automatic overdraft" notification procedures set out in Section 28 of the Procedures of the Arkansas Supreme Court regulating professional conduct of attorneys at law:~~

~~(i) Banks may only be removed from the IOLTA Program after notice from the Foundation to the bank of the action needed to correct or implement any needed changes and a timely response from the bank.~~

~~(ii) Should a bank be removed from the IOLTA Program, the Foundation will give attorneys sufficient notice and time in order to move their IOLTA accounts to another participating bank.~~

~~(d)~~ (c) *Unclaimed or Unidentifiable Trust Account Funds*.

(1) When a lawyer, law firm, or estate of a deceased lawyer cannot, using reasonable efforts, identify or locate the owner of funds in its <u>Arkansas</u> IOLTA or non–IOLTA trust account for a period of <u>at least </u>two (2) years, it shall pay the funds to the Arkansas Access to Justice Foundation. At the time such funds are remitted, the lawyer shall submit to the Arkansas Access to Justice Foundation and the Office of the Committee on Professional Conduct the name and last known address of each person appearing from the lawyer's or law firm's records to be entitled to the funds, if known; a description of the efforts undertaken to identify or locate the owner; and the amount of any unclaimed or unidentified funds.

(2) If, within two (2) years of making a payment of unclaimed or unidentified funds to the Arkansas Access to Justice Foundation, the lawyer, law firm, or deceased lawyer's estate identifies and locates the owner of funds paid, the Arkansas Access to Justice Foundation shall refund the sum to the lawyer, law firm, or deceased lawyer's estate. The lawyer, law firm, or deceased lawyer's estate shall submit to the Foundation a verification attesting that the funds have been returned to the owner. The Arkansas Access to Justice Foundation shall maintain sufficient reserves to pay all claims for such funds.

## ADMINISTRATIVE ORDER NO. 22

**IOLTA Program Relationship with Eligible and Member Institutions.**

Section 1. DEFINITIONS. As used in Rule 1.15 of the Arkansas Rules of Professional Conduct, the terms below shall have the following meaning:

(a) "IOLTA account" means an interest- or dividend-bearing trust account benefiting the Arkansas Access to Justice Foundation, Inc., established in an eligible institution for the

deposit of nominal or short-term funds of clients or third persons, which may be withdrawn upon request as soon as permitted by law.

(b) "Eligible institution" for IOLTA accounts means a depository bank or savings and loan association or credit union authorized by federal or state laws to do business in Arkansas, whose deposits are insured by an agency of the federal government, or any open-end investment company registered with the Securities and Exchange Commission and authorized by federal or state laws to do business in Arkansas. In addition, an eligible institution must either (1) maintain a physical office in the state of Arkansas or (2) be owned by a bank holding company regulated by the Federal Reserve System, of which a subsidiary federally-insured depository bank or savings and loan association or credit union maintains a physical office in the state of Arkansas.  Eligible institutions must meet the requirements set out in section (b) above.

(c) "Interest- or dividend-bearing trust account" means a federally insured checking account or an investment product, including a sweep product and a daily (overnight) financial-institution repurchase agreement or an open-end money market fund. A daily financial-institution repurchase agreement must be fully collateralized by U.S. Treasury Securities; an open-end money-market fund must invest primarily in U.S. Treasury Securities or repurchase agreements fully collateralized by U.S. Treasury Securities. A daily financial-institution repurchase agreement may be established only with an eligible institution that is "well capitalized" or "adequately capitalized" as those terms are defined by applicable federal statutes and regulations. An open-end money-market fund must hold itself out as a money-market fund as defined by applicable federal statutes and regulations under the Investment Company Act of 1940 and, at the time of investment, have total managed assets of at least $ 250,000,000. The funds covered by this rule shall be subject to withdrawal upon request and without delay.

(d) "Allowable reasonable fees" means: (1) per check charges, (2) per deposit charges, (3) a fee in lieu of minimum balance, (4) federal deposit insurance fees, (5) sweep fees, 12b-1 fees, and subaccounting fees, and (6) a reasonable IOLTA account administrative fee.

(e) "U.S. Treasury Securities" means direct obligations of the federal government of the United States.

(f) "Repurchase agreements" means transactions in which a fund buys a security from a dealer or bank and agrees to sell the security back at a mutually agreed upon time and price. The repurchase price exceeds the sale price, reflecting the fund's return on the transaction. This return is unrelated to the interest rate on the underlying security. Repurchase agreements are subject to credit risks.

Section 2. <u>PARTICIPATION.</u> Participation in the IOLTA Program of the Arkansas Access to Justice Foundation is voluntary for banks, savings and loan associations, and investment companies. Any eligible institution that elects to provide and maintain IOLTA accounts shall do so according to the following terms:

(a) Determination of Interest Rates and Dividends. Eligible institutions that maintain IOLTA accounts that are, or are invested in, interest–bearing deposits or daily financial–institution repurchase agreements shall pay no less than the highest rate and dividend generally available from the institution to its non–IOLTA account customers when IOLTA accounts meet or exceed the same minimum balance or other eligibility qualifications, if any. In determining the highest rate or dividend generally available from the institution to its non–IOLTA accounts, eligible institutions may consider factors, in addition to the balance in the IOLTA account, customarily considered by the institution when setting interest rates or dividends for its customers, provided that such factors do not discriminate between IOLTA accounts and accounts of non-IOLTA customers, and that these factors do not include the fact that the account is an IOLTA account. The eligible institution may offer, and the lawyer may accept, a sweep account that provides a mechanism for the overnight investment of balances in the IOLTA account into a daily financial institution repurchase agreement or a money-market fund. However, this Rule shall not require any eligible institution to offer or otherwise make available sweep accounts for IOLTA accounts.

(b) Written Agreements. There shall be a written agreement between the lawyer and the eligible institution, designating interest on the IOLTA account be remitted to the Arkansas Access to Justice Foundation, Inc. on a monthly basis.

(c) Interest Rates and Dividends. Eligible institutions shall maintain IOLTA accounts that pay the highest interest rate or dividend generally available from the institution to its non–IOLTA account customers when IOLTA accounts meet or exceed the same minimum balance or other account eligibility qualifications, if any.

(d) ~~Reasonable~~ Fees <u>That May Be Deducted From Interest Earned</u>. ~~Reasonable fees means (1) per check charges, (2) per deposit charges, (3) a fee in lieu of minimum balances, (4) federal deposit insurance fees, (5) sweep fees, 12b-1 fees, and subaccounting fees, and (6) a reasonable IOLTA account administrative fee. Reasonable~~ <u>Allowable reasonable</u> fees are the only service charges or fees permitted to be deducted from interest earned on IOLTA accounts. ~~Reasonable~~ <u>Allowable reasonable</u> fees may be deducted from interest on an IOLTA account only at such rates and under such circumstances as is the eligible institution's customary practice for all of its customers with interest-bearing accounts. All other fees and charges shall not be assessed against the accrued interest on the IOLTA account but rather shall be the responsibility of, and may be charged to, the lawyer maintaining the IOLTA account.

(e) Negative Netting Prohibited. Fees or charges in excess of the interest earned on the account for any month shall not be taken from interest earned on other IOLTA accounts or from the principal of the account.

(f) Reporting Requirements. A statement should be transmitted monthly to the Arkansas Access to Justice Foundation, Inc.<u>, in an electronic format to be specified by the Foundation,</u> ~~with each remittance~~ showing the period for which the remittance is made, the name of the lawyer or law firm from whose IOLTA account the remittance is being sent, the IOLTA

account number, <u>the average account balance,</u> the ~~average daily~~ <u>interest</u> rate applied, the gross interest or dividend earned during the period, the amount and description of any service charges or fees assessed during the remittance period, and the net amount of interest or dividend remitted for the period. ~~The Foundation supplies a monthly remittance form tailored to each bank listing the required information; however, should the bank elect to generate its own report, the requirements in this section must be addressed.~~

Section 3. <u>REMOVAL OF FINANCIAL INSTITUTIONS FROM IOLTA PROGRAM.</u> In addition to the attorney trust account "automatic overdraft" notification procedures set out in Section 28 of the Procedures of the Arkansas Supreme Court regulating professional conduct of attorneys at law:

(a) Banks may only be removed from the IOLTA Program after notice from the Foundation to the bank of the action needed to correct or implement any needed changes and a timely response from the bank.

(b) Should a bank be removed from the IOLTA Program, the Foundation will give attorneys sufficient notice and time in order to move their IOLTA accounts to another participating bank.